**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ANN SCOTT,<br><br>                Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC. d/b/a SMITH'S FOOD AND DRUG CENTER, *et al.*,<br><br>                Defendants. | 2:18-cv-00303-JCM-VCF<br>**REPORT AND RECOMMENDATION**<br><br>MOTION TO EXCLUDE [ECF NO. 27] |

Before the Court is Defendant Smith's Food and Drug Centers, Inc.'s Motion to Exclude Plaintiff's Claim for Future Medical Expenses, Lost Wages and Other Miscellaneous Damages. (ECF No. 27). For the reasons discussed below, the motion should be granted.

**BACKGROUND**

This case involves a slip and fall at Smith's. (ECF No. 1-1). In Plaintiff Ann Scott's February 7, 2018 initial disclosure, she listed her current medical expenses under her computation of damages, but left all future damages as "TBD." (ECF No. 27-1 at 3). In Scott's April 2, 2018, initial disclosure (served after the case was removed to federal court), she included a Future Medical section in her computation of damages. (ECF No. 27-2 at 4). She claimed $1,000,000 each for continuing neurological, lumbar, cervical and knee treatment. (*Id.*). No documentation supporting these amounts was ever disclosed to Smith's, and it appears that Scott is not asserting any lumbar, cervical, or knee injury in this case. (ECF No. 27 at 3, 6). In her supplements to her initial disclosures, Scott removed the Future Medical section and again listed all future damages as "TBD." (ECF Nos. 27-4, 27-5, 27-6).

Smith's asserts that Scott added new damage allegations through her expert reports.[1] (ECF No. 27 at 2-3). Dr. David Fish opined that Scott had $3,368,900 in future medical needs, the majority consisting of expenses for an assisted living facility. (*Id.*). Matthew Sims, an economist, reported that Scott had $335,847.47 in lost household service and earnings capacity. (*Id.* at 3).

On October 5, 2018, Smith's filed a motion to exclude Scott's claim for future medical expenses, lost wages and other miscellaneous damages. (ECF No. 27). Smith's argues that Scott did not timely supplement her initial disclosures regarding her future damages, and Smith's will be prejudiced by its inability to engage in discovery regarding Scott's new claims. (*Id.* at 5-8). The rebuttal expert disclosure deadline passed on October 17, 2018. (ECF No. 18 at 3).The discovery deadline is currently scheduled for November 14, 2018. (*Id.*).

The deadline to respond to the motion to exclude was initially set for October 19, 2018. (ECF No. 27). On October 22, 2018, the parties stipulated to extend the deadline to respond to October 25, 2018. (ECF No. 29). However, Scott failed to respond to the motion to exclude.

**ANALYSIS**

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to provide "a computation of each category of damages claimed" in their initial disclosures. Parties must supplement these disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). If a party fails to make these disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37 (c)(1).

Under LR 7-2, "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to

---

[1] Smith's did not attach Dr. Fish's or Matthew Sims' reports to the motion to exclude. However, as Scott failed to oppose the motion to exclude, the Court does not have a reason to doubt Smith's representations.

the granting of the motion." Because Scott failed to respond to the motion to exclude, she has consented to granting the motion. In addition, Scott has failed to explain why her failure to timely amend her initial disclosures to include information about future damages was substantially justified or harmless. Scott's claims for future medical needs and lost household service and earnings capacity were not contained in her initial disclosures or any subsequent supplements, and the late disclosure has prejudiced Smith's ability to conduct discovery on this issue. Therefore, Scott's claim for future medical expenses, lost wages and other miscellaneous damages should be excluded.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that Smith's Motion to Exclude Plaintiff's Claim for Future Medical Expenses, Lost Wages and Other Miscellaneous Damages (ECF No. 27) be GRANTED.

DATED this 2nd day of November, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE