UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANN SCOTT,

Plaintiff(s),

v.

SMITH'S FOOD AND DRUG CENTERS, INC.,

Defendant(s).

Case No. 2:18-CV-303 JCM (VCF)

ORDER

Presently before the court is defendant Smith's Food & Drug Centers, Inc.'s ("defendant") motion to exclude plaintiff's claim for future medical expenses, lost wages, and other miscellaneous damages. (ECF No. 27). Plaintiff Ann Scott ("plaintiff") filed an untimely response (ECF No. 32), to which defendant replied (ECF No. 41).

Also before the court is Magistrate Judge Ferenbach's report and recommendation ("R&R") regarding defendant's motion to exclude. (ECF No. 31). Plaintiff objected (ECF No. 33), and defendant responded (ECF No. 38).

**I.  Background**

The instant action is a slip-and-fall case. (ECF No. 1-1). On July 13, 2017, plaintiff slipped on a puddle of water that collected in an indentation on the floor of aisle 7[1] in the Smith's grocery store in Mesquire, Nevada. (ECF No. 43 at 2). As plaintiff fell, she hit her head on the metal shelves, causing two subdural hematomas (brain bleeds), which required emergency surgery. *Id.* Plaintiff filed the instant action in Nevada state court in December 2017. (ECF No. 1-1). Defendant timely removed the action to federal court in February 2018. (ECF No. 1).

---

[1] Defendant disputes the existence of the indentation.

The parties conducted their Rule 26(f) conference on February 19, 2018. (ECF No. 7). Pursuant to Rule 26(a)(1)(A)(iii), plaintiff was obligated to make and disclose a reasonable computation of her damages by April 2, 2018. (ECF No. 27 at 3); *see also* Fed. R. Civ. P. 26. Although plaintiff included a "future medical" section in her initial disclosure, she later withdrew it.[2] (ECF No. 27 at 3).

Defendant then moved to exclude plaintiff's claims for future medical expenses, lost wages, and other miscellaneous damages because plaintiff failed to disclose a computation of such damages pursuant to Rule 26. *See generally id.* The deadline to respond to defendant's motion was October 19, 2018. (ECF No. 27 at 3). The day plaintiff's response was due, plaintiff contacted defendant, who stipulated to extend the deadline until October 25. (ECF No. 41 at 3).

Despite the extension, plaintiff failed to respond. Judge Ferenbach issued his R&R on November 2, 2018, granting defendant's motion pursuant to Local Rule 7-2.[3] (ECF No. 31). Five days after Judge Ferenbach's R&R was entered, plaintiff finally responded (ECF No. 32) and contemporaneously filed an objection to the R&R (ECF No. 33).

## II. Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* However, "a district court may not reject the factual findings of a magistrate judge on a motion to suppress without conducting a de novo evidentiary hearing." *United States v.*

---

[2] Based on defendant's representations to the court, it appears that plaintiff's counsel copied a generic list of future damages. (ECF No. 27 at 3). For instance, Plaintiff included back, neck, and knee injuries in her disclosure, despite the fact that she does not allege any injury to her back, neck, or knee. *Id.*

[3] "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2.

*Ridgway*, 300 F.3d 1153, 1155 (citing *United States v. Bergera*, 512 F.2d 391, 392–94 (9th Cir. 1975)).

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

### III. Discussion

The district court is vested with broad authority to impose sanctions "as are just," so long as the court does not abuse its discretion in doing so. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly*, 259 F.3d at 1106. Nonetheless, the Ninth Circuit has identified five factors for the district court to consider before imposing severe sanctions, which are instructive here: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Payne*, 121 F.3d at 507 (discussing dismissal and default); *Hwang*, 105 F.3d at 524.

"If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, 'the degree and severity of which are within the discretion of the trial judge.'" *Cohen v. Hansen*, No. 2:12-CV-01401-JCM-PAL, 2014 WL 1873968, at *11 (D. Nev. May 8, 2014) (quoting *Keener v. United States,* 181 F.R.D. 639, 641 (D. Mont. 1998)). Although information that a party fails to timely disclose as required by Rule 26 is ordinarily excluded, Rule 37 expressly carves out an exception when "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Thus, the court will consider the *Payne* factors and the express language of Rule 37(c)(1) when determining the appropriate sanctions in the instant case.

As an initial matter, Richard Harris Law Firm's failure to disclose its computation of plaintiff's future damages is not "substantially justified." Nor is Richard Harris Law Firm substantially justified in failing to respond to the instant motion to exclude. To the contrary, after defendant stipulated to extend the deadline for Richard Harris Law Firm to respond the "new deadline was not entered on [Richard Harris Law Firm's] master calendar and an opposition to [defendant's] [m]otion for [e]xclusion was not timely filed." (ECF No. 32 at 2 n.1). Plaintiff's untimely response goes on to explain the extensive disclosures that she made to defendant regarding expert opinions, medical evidence, and damages. *See generally id.* Accordingly, Richard Harris Law Firm had ample information to compute plaintiff's future damages and disclose that computation to defendant in accordance with its Rule 26 obligations.

The court turns to the second Rule 37(c)(1) exception: whether plaintiff's failure to compute her future damages is "harmless." "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly*, 259 F.3d at 1107. Plaintiff's complaint requests "medical and incidental expenses incurred and to be incurred" and "lost earnings and earning capacity." (ECF No. 1-1 at 5–6). Plaintiff's Rule 26 disclosures and her supplements thereto consistently designated "future pain & suffering" and "future medical charges," albeit without the required computation of damages. (*See, e.g.*, ECF Nos. 32-8 at 20–21, 32-9 at 9, 32-10 at 9–10, 32-11 at 9). Plaintiff answered defendant's interrogatories and indicated permanent and irreparable injuries, the need for ongoing future medical care, and lost earning capacity. (ECF No. 33-12 at 13–17).

In sum, plaintiff put defendant on notice that future medical care and loss of earning capacity would be at issue, but simply failed to compute and provide the total estimate of those damages. As a result, plaintiff has proven that her failure to compute and disclose her total future damages is harmless. In light of this disclosure, the court finds that Richard Harris Law Firm's negligence in failing to respond to defendant's motion was not done in bad faith, which would certainly justify exclusionary sanctions.

Indeed, defendant does not contend or otherwise suggest that it is prejudiced by plaintiff's failure to comply with Rule 26 or that plaintiff acted in bad faith. (ECF Nos. 38, 41).

James C. Mahan
U.S. District Judge

- 4 -

Instead, the thrust of defendant's argument is that "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." (ECF No. 41 at 7 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (discussing Fed. R. Civ. P. 16))). Absent a showing of bad faith rather than carelessness, the court finds that imposing an exclusionary sanction to be too severe a punishment, particularly considering the public policy favoring the disposition of cases on their merits. *Payne*, 121 F.3d at 507

However, the court finds Richard Harris Law Firm's failure to calendar the already-extended deadline an unpersuasive justification for, as counsel puts it, "wasting everyone's valuable time." (ECF No. 32 at 2 n.1). Richard Harris Law Firm failed to compute its client's damages. Richard Harris Law Firm then failed to put the new deadline on its calendar. Richard Harris Law Firm then filed an untimely response and objection.

As a result, the court considers the availability of less punitive sanctions. Because Richard Harris Law Firm "wast[ed] everyone's valuable time," Richard Harris Law Firm shall bear the cost of that time. Rule 37(c)(1)(A) allows the court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure [to comply with Rule 26]." Fed. R. Civ. P. 37(c)(1)(A). Accordingly, Richard Harris Law Firm shall bear defendant's fees and costs for filing its motion and responding to plaintiff's objection to Judge Ferenbach's R&R and plaintiff's untimely response.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to exclude plaintiff's claim for future medical expenses, lost wages, and other miscellaneous damages (ECF No. 27) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Judge Ferenbach's report and recommendation regarding defendant's motion to exclude be, and the same hereby is, REJECTED. (ECF No. 31).

IT IS FURTHER ORDERED that defendant Smith's Food & Drug Centers, Inc. submit a record of its costs and fees accrued preparing and filing its motion to exclude, its reply to

plaintiff's response, and its response to plaintiff's objection (ECF Nos. 27, 38, 41) within fourteen (14) days of this order.

IT IS SO ORDERED.

DATED August 22, 2019.

                                                          /s/ James C. Mahan
                                               UNITED STATES DISTRICT JUDGE