UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANN SCOTT, | Case No. 2:18-CV-303 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| SMITH'S FOOD AND DRUG CENTERS, INC., | |
| Defendant(s). | |

Presently before the court is the matter of *Scott v. Smith's Food and Drug Centers, Inc.*, case no. 2:18-cv-00303-JCM-VCF.

Defendant Smith's Food & Drug Centers, Inc. d/b/a Smith's Food and Drug Center ("Smith's") moved to exclude plaintiff's claims for future medical expenses, lost wages, and other miscellaneous damages because plaintiff failed to disclose a computation of such damages pursuant to Rule 26. (ECF No. 27).

Despite an extension, plaintiff Ann Scott failed to respond, and Judge Ferenbach issued his R&R on November 2, 2018, granting defendant's motion pursuant to Local Rule 7-2. (ECF No. 31). Plaintiff failed to respond because her counsel, Richard Harris Law Firm, failed to put the filing deadline on its calendar. (ECF Nos. 32 at 2 n.1; 33 at 2 n.1).

On August 22, 2019, this court ordered Richard Harris Law Firm to pay the fees and costs incurred responding to plaintiff Ann Scott's untimely response to Smith's motion to exclude (ECF No. 32) and the objection to the magistrate judge's report and recommendation (ECF No. 33).

**James C. Mahan**
**U.S. District Judge**

On September 5, 2019, Smith's submitted its record of costs and fees. (ECF No. 58). In sum, Smith's incurred $3,957.50 in attorneys' fees responding to plaintiff's untimely filings. *Id.* at 2, 5.

"When calculating the amount of attorney fees to be awarded in litigation, the district court applies the lodestar method, multiplying the number of hours expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The reasonableness of the requested fee is then determined with reference to the twelve *Kerr* factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). A district court may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive as long as it provides an adequate explanation for its fee calculation. *Ryan*, 786 F.3d at 763.

The controlling test for determining a reasonable hourly rate requires the rate to be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007). As a general rule, the court considers the reasonable hourly rate in the relevant community, which is the forum in which the case is pending. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The court may consider rates outside the forum "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Id.* (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

1  Here, the relevant community is Las Vegas, Nevada. For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue were between $250 and $400. *See, e.g., Snow v. McDaniel*, No. 3:08-cv-00046-RCJ-VPC, 2014 WL 590489, at *1 (D. Nev. Feb. 14, 2014) (finding a $250 hourly rate reasonably within the context of a section 1988 inquiry); *Gibbs v. Rivers Transp. Group, Inc.*, No. 2:13-cv-00935-JAD-NJK, 2014 WL 204928, at *3 (D. Nev. Jan. 17, 2014) (finding a $250 hourly rate reasonable in Las Vegas); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding hourly rates between $375 and $400 reasonable in Las Vegas); *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-01649-JCM-CWH, 2012 WL 6100313, at *3 (D. Nev. Dec. 7, 2012) (finding a $350 hourly rate reasonable in Las Vegas); *Am. Gen. Life Ins. Co. v. Futrell*, No. 2:11-cv-00977-PMP-CWH 2012 WL 5497901, at *3 (D. Nev. Nov. 13, 2012) (finding hourly rates between $250 and $400 reasonable in Las Vegas); (*see also* ECF No. 38 at 9 (collecting cases)).

Defendant indicates that its attorneys spent 9 hours litigating its motion to exclude and charged $160 per hour. (ECF No. 58 at 5). Thus, defendant incurred $1,440 in fees for the motion to exclude. *Id.* Similarly, defendant spent 9.5 hours preparing its response to plaintiff's objection. *Id.* The response cost $1,397.50 to prepare: $185 per hour for 1.5 hours, and $140 per hour for 8 hours. *Id.* Finally, the reply to plaintiff's untimely response cost defendant $1,120— it took 8 hours at $140 per hour. *Id.*

Each and every one of these hourly rates are well within the lodestar amounts this court has approved. Defendant spent a reasonable time responding to plaintiff's motion and objection, which was made necessary because of plaintiff's inability to meet filing deadlines. Thus, the court finds that the $3,957.50 total is appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Richard Harris Law Firm pay $3,957.50 to Smith's as recompense for attorney fees incurred as a result of litigating defendant's motion to exclude.

. . .

. . .

1         The clerk is instructed to enter interim judgment in favor of Smith's and against Richard Harris Law Firm in the amount of $3,957.50.

DATED January 21, 2020.

                                        /s/ James C. Mahan
                                UNITED STATES DISTRICT JUDGE